1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARVIN HARRIS,                          No.  1:18-cv-01659-DAD-JLT (PC)

12              Plaintiff,

13        v.                                  ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS AND DISMISSING
14    T. L. CAMPELL, et al.,                  ACTION

15              Defendants.                   (Doc. No. 10)

16

17

18        Plaintiff Marvin Harris is a state prisoner proceeding pro se in this civil rights action under

19    42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28

20    U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        On November 21, 2019, the assigned magistrate issued a second screening order, finding

22    that plaintiff's first amended complaint violated Federal Rule of Civil Procedure 20 and failed to

23    link several named defendants to the claims asserted therein.  (Doc. No. 8.)  The order provided

24    plaintiff twenty-one (21) days to file a second amended complaint curing the deficiencies

25    identified in the screening order and warned plaintiff that failure to comply with the order would

26    result in a recommendation that this action be dismissed for failure to obey a court order and for

27    failure to state a claim.  (*Id.* at 7.)  Plaintiff failed to file an amended complaint or otherwise

28    respond to the November 21, 2019 screening order.  Accordingly, on December 30, 2019, the

1

magistrate judge ordered plaintiff to show cause in writing, within twenty-one (21) days, why this action should not be dismissed due to his failure to obey a court order and failure to state a claim upon which relief can be granted.  (Doc. No. 9.)  Alternatively, the order to show cause authorized plaintiff's filing of a second amended complaint to attempt to cure the deficiencies noted in the second screening order.  (*Id.* at 2.)  Plaintiff failed to respond to the December 30, 2019 order to show cause or to file a second amended complaint.  Accordingly, on February 4, 2020, the magistrate judge issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to obey court orders and failure to state a claim.  (Doc. No. 10.)  Plaintiff filed objections to the pending findings and recommendations on March 2, 2020. (Doc. No. 12.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, plaintiff states merely that in his first amended complaint he alleged "the state actor must have known that something was going to happen but ignored the risk and exposed the plaintiff to it anyway" . . . .  There was no reason to file a amend (sic) complaint." (Doc. No. 12 at 5) (sic).  Plaintiff's objections do not meaningfully address the conclusion reached in the pending findings and recommendations that he failed to state a cognizable claim in his first amended complaint and failed to comply with the court's order directing him to file a second amended complaint to attempt to cure the deficiencies noted in his first amended complaint.  The undersigned notes that the magistrate judge warned plaintiff of the consequences of failing to respond to both the second screening order and the order to show cause.  Doc. No. 8 at 7; Doc. No. 9 at 2.)  Yet plaintiff did not respond in any way and now objects that he had no reason to file a second amended complaint, essentially indicating that he stands on his deficient first amended complaint.  (Doc. No. 12 at 6.)  Accordingly, dismissal is proper.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 n.3 (9th Cir. 1992) (affirming dismissal for plaintiff's failure to comply with orders to amend complaint and noting that the magistrate judge's clear directions

weighed against crediting plaintiff's excuse that "he already had complied with the magistrate's and judge's orders").

Accordingly,

1.      The findings and recommendations filed on February 4, 2020 (Doc. No. 10) are adopted;

2.      This action is dismissed for plaintiff's failure to obey court orders and for failure to state a claim; and

3.      The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   __**April 30, 2020**__                    _____
                                                                        UNITED STATES DISTRICT JUDGE

3